United States Court of Appeals
Fifth Circuit

**F I L E D**

**October 30, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

———————————————

No. 02-61060
Summary Calendar

———————————————

ABU NASER,

Petitioner,

versus

JOHN ASHCROFT, U.S. ATTORNEY GENERAL,

Respondent.

--------------------
Petition for Review of an Order
of the Board of Immigration Appeals
BIA No. A71 570 767
--------------------

Before JOLLY, WIENER, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Abu Naser petitions this court to review the decision of the Board of Immigration Appeals's (BIA) denial of his motion to reopen his deportation proceedings to consider his renewed applications for asylum and for withholding of deportation.

Naser argues that the BIA erred in affirming the immigration judge's decision denying asylum, withholding of removal, voluntary departure, and relief under the Convention Against

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Torture. Naser also argues that the immigration judge erred by failing to presume that he had a well-founded fear of persecution. These arguments are an attempt to challenge the underlying decision of the immigration judge, which is not at issue in this petition. This court does not have jurisdiction to review the immigration judge's decision, affirmed by the BIA, because Naser did not file a petition for review from that decision, as Naser admitted in his affidavit accompanying his motion to reopen. Naser timely filed his petition for review as to the denial of the motion to reopen, and therefore, this court may review that order only.[**]

Naser argues that the BIA erred in denying his motion to reopen because new facts indicate a reasonable likelihood of success on the merits. He contends that persecution suffered by his family members, and the threat he received from the present political party in power in Bangladesh, rise to the level to qualify him for withholding of removal or asylum.

Naser has failed to show that country conditions in Bangladesh have changed such that Naser is now entitled to asylum or withholding of deportation. The evidence submitted in Naser's motion to reopen is not different in type or quality from the evidence submitted during his initial asylum hearing, and thus

---

[**] Naser did not brief any argument concerning his eligibility for protection under the Convention Against Torture or for voluntary departure, and so he has waived those claims. Yohey v. Collins, 985 F.2d 222, 225 (5th Cir. 1993).

falls short of showing that conditions in Bangladesh have changed in a way that would materially affect Naser's asylum or withholding claims.  Ogbemudia v. I.N.S., 988 F.2d 595, 599-600 (5th Cir. 1993).  We have reviewed the record and the BIA's order denying Naser's motion to reopen and we find no abuse of discretion.  Ogbemudia, 988 F.2d 600.  Accordingly, the petition for review is DENIED.